STATE OF WISCONSIN       CIRCUIT COURT       MILWAUKEE COUNTY

HEMAD ENTERPRISES, INC.
7911 W. Beechwood Avenue
Milwaukee, WI 53223

      Plaintiff,

v.

      Case No: 15 CV _____
      Case Codes: 30106, 30303, 30701

ENDURANCE AMERICAN
SPECIALTY INSURANCE COMPANY
c/o Senior Vice President – Claims, Registered Agent
Endurance U.S. Insurance
750 Third Avenue, 18ᵗʰ Floor
New York, NY 10017
c/o CT Corporation System, Registered Agent
8020 Excelsior Drive, Ste. 200
Madison, WI 53717

      Defendant.

HON. JOHN DIMOTTO, BR. 41
CIVIL F

15CV000840

FILED AND
AUTHENTICATED

JAN 30 2015

JOHN BARRETT
Clerk of Circuit Court

---

SUMMONS

---

THE STATE OF WISCONSIN

To each person named as a defendant:

      You are hereby notified that the plaintiff named above has filed a lawsuit or other legal action against you. The Complaint, which is attached, states the nature and basis of the legal action.

      Within forty-five (45) days of receiving this Summons, you must respond with a written answer, as that term is used in Chapter 802 of the Wisconsin Statute, to the Complaint. The Court may reject or disregard an answer that does not follow the requirements of the statute. The answer must be sent or delivered to the Court, whose address is 901 N. Ninth Street, Room 104, Milwaukee, WI 53233, and to Gabert, Williams, Konz & Lawrynk, LLP, plaintiff's attorney,

1

Case 2:15-cv-00233-JPS   Filed 03/02/15   Page 1 of 25   Document 1-1

whose address is 2711 North Mason Street, Suite B, Appleton, WI 54914. You may have an attorney help or represent you.

If you do not provide a proper answer within forty-five (45) days, the Court may grant judgment against you for the award of money or other legal action requested in the Complaint, and you may lose your right to object to anything that is or may be incorrect in the Complaint. A judgment may be enforced as provided by law. A judgment awarding money may become a lien against any real estate you own now or in the future, and may also be enforced by garnishment or seizure of property.

Dated this 29th day of January, 2015.

GABERT, WILLIAMS, KONZ & LAWRYNK, LLP
Attorneys for Hemad Enterprises, Inc.

By: _____
    Michael P. Konz
    State Bar No. 1000553

2711 N. Mason Street, Ste. B
Appleton, WI 54914
(920) 733-5521
P01:arp

2

STATE OF WISCONSIN        CIRCUIT COURT        MILWAUKEE COUNTY

15CV000840

HEMAD ENTERPRISES, INC.
7911 W. Beechwood Avenue
Milwaukee, WI 53223

       Plaintiff,

v.

ENDURANCE AMERICAN
SPECIALTY INSURANCE COMPANY
c/o Senior Vice President – Claims, Registered Agent
Endurance U.S. Insurance
750 Third Avenue, 18th Floor
New York, NY 10017
c/o CT Corporation System, Registered Agent
8020 Excelsior Drive, Ste. 200
Madison, WI 53717

       Defendant.

Case No: 15 CV _____
Case Codes: 30106, 30303, 30701

FILED AND
AUTHENTICATED
JAN 30 2015
JOHN BARRETT
Clerk of Circuit Court

COMPLAINT

NOW COMES the plaintiff, Hemad Enterprises, Inc., by and through its attorneys of

record, Gabert, Williams, Konz & Lawrynk, LLP, by Michael P. Konz, and as and for a

Complaint against the defendant, Endurance American Specialty Insurance Company, alleges

and shows to the Court as follows:

**General Allegations**

1.    Plaintiff, Hemad Enterprises, Inc., (hereinafter "Hemad") is a Wisconsin

corporation with a principal place of business located at 7911 W. Beechwood Avenue

Milwaukee, WI 53223, doing business as Rights of Passage Living Center.

1

2. Defendant, Endurance American Specialty Insurance Company, (hereinafter "Endurance") is a foreign surplus lines insurance company authorized to transact business in the State of Wisconsin, with a principal place of business located at 3333 New Hyde Park Road, Suite 210, New Hyde Park, NY 11042, and which endorses service of process upon the Senior Vice President – Claims, Endurance U.S. Insurance, 750 Third Avenue, 18th Floor, New York, NY 10017, pursuant to the service of suit endorsement; and, on information and belief, may also have as a registered agent for service of process, CT Corporation System, 8020 Excelsior Drive, Ste. 200, Madison, WI 53717.

3. Endurance does substantial and not isolated business in Milwaukee County, Wisconsin, and is subject to jurisdiction within this State.

4. On or about November 5, 2012, Hemad purchased a residential apartment building located at 2500 Jacato Drive, Racine, Wisconsin, via a land contract with Amsah, LLC.

5. On or about January 9, 2013, Hemad applied for and obtained a commercial lines policy of insurance with the defendant, identified as policy number CBP1000020800, which policy provided, among other coverages, actual cash value coverage on the apartment building in the amount of $800,000.00; business personal property coverage in the amount of $20,000.00; and business income coverage in the amount of $100,000.00. Said policy further provided indemnity coverage for, among other things, loss caused by fire, to the insured building.

6. On information and belief, at the time of loss, the City of Racine had assessed the taxable value of the building at issue in the amount of $799,000.00.

7. On or about January 29, 2013, the insured premises was severely damaged by a fire which occurred without fault or design of the insured. As a result of said loss, the building sustained substantial property damage, rendering the apartment building uninhabitable, forcing

the tenants to move out, causing damage to business personal property, and causing a loss of rental income. The property is further under a raze order issued by the City of Racine.

8. Pursuant to the above-referenced policy of insurance the plaintiff did, in a prompt and timely fashion, provide notice of loss to the defendant and its agents and representatives, and has provided cooperation with respect to said claim, in all manners requested.

9. Plaintiff retained, as its public adjuster, Claims Professional Representatives, LLC. The defendant retained as its adjuster, Allmark Services, Inc., and its property specialist, Chad Frost.

10. The plaintiff, through its agents and representatives, presented the defendant with a lengthy repair estimate itemizing, in detail, the replacement cost value for repairs of fire damaged property totaling $983,969.11 which, after adjustment for depreciation, computed to an actual cash value of repairs totaling $678,648.95.

11. The plaintiff, through its agents and representatives, also submitted an executed proof of loss to the defendant, dated the 25th day of April, 2013.

12. Said proof of loss provided the actual cash value of the damage sustained to the insured premises.

13. The defendant, through its agents and representatives, represented to the plaintiff, via its agents and representatives, throughout the months of February, March, and April, 2013, that it was also compiling an estimate of the cost of repairs when in fact no such estimate was ever forthcoming.

14. Following retainer of counsel, the defendant requested, and the plaintiff provided, sworn testimony by means of examinations under oath, as well as documents to which plaintiff had reasonable access, supporting the claims at issue herein, which documents included, but

were not limited to, leases, land contract, payments made pursuant to the purchase agreement, tax returns, financial statements, invoices, phone records, photographs, lost rent spreadsheet, and sundry other documents.

15.     Following submission of said testimony and documentation, the defendant did, by letter dated October 18, 2013, accept the claim. However, contrary to the terms and conditions of coverage set forth in the policy, and applicable law, the defendant, through its employees, agents, and representatives, improperly estimated the actual cash value of damage to the insured property through use of a real estate market appraisal, concluding that the value of the building at issue was $88,000.00, which defendant wrongly claimed to represent the actual cash value of the loss.

16.     In contravention of the policy of insurance, defendant's draft issued in payment of the loss included seven separate payees. Defendant's letter of payment further indicated that if the amount tendered was not accepted "in full satisfaction of this loss, then, in that event, Endurance hereby invokes the policy's appraisal process.".

17.     Subsequent to defendant's tender of proceeds and demand for appraisal, plaintiff, through its agents and representatives, agreed to proceed with the appraisal process "under protest", meaning that plaintiff retained all rights, despite completion of an appraisal, to pursue legal remedies including claims for breach of contract, pre-verdict interest under Section 628.46, and bad faith. Plaintiff further demanded immediate reissuance of the policy proceeds draft payable to the named insured, which demand was ignored by the defendant.

4

18.     The appraisal process culminated in the issuance of an appraisal award received

November 16, 2014, a copy of which is attached hereto as Exhibit A. Said document awarded

$92,000.00 for the building loss but failed, entirely, to compute the actual cash value of the loss

in accordance with the policy and applicable law.

19.     Despite due demand to defendant for payment of the balance of the appraisal

award, no payment has been received, to date.

### First Claim for Relief – Breach of Contract

20.     Plaintiff realleges and incorporates herein by reference, as if set forth fully,

paragraphs 1-19 of the Complaint.

21.     Pursuant to the appraisal clause of the policy, and applicable Wisconsin law, the

appraisers are to state separately the value of the property and amount of the loss. Pursuant to the

valuation clause of the policy, the value of covered property is to be determined "at actual cash

value as of the time of loss or damage."

22.     Through the actions of its employees, agents, and representatives, defendant has

breached the contract of insurance by failing to value the damaged property at actual cash value.

Instead, defendant valued the building loss via real estate market appraisal. Defendant further, on

information and belief, presented its appraiser with said real estate market appraisal, as its

statement of the actual cash value of the damage.

23.     Defendant has breached its contract with the plaintiff by, among other things:

- Appointing an incompetent appraiser;

- Insisting that its appraiser restrict the scope of its actual cash value analysis to a
  real estate market appraisal obtained by the defendant;

- Failing to exercise good faith in the adjustment and appraisal of this claim;

5

- Failing to provide just indemnification of the actual cash value of the building and indemnification for loss of rental income and business personal property;

- Failing to issue payment to its insured, in a timely fashion, following the appraisal award;

- Issuing payment of policy proceeds to multiple entities other than the named insured;

- Representing to the insured that other entities have an equitable interest in the proceeds of the policy without obtaining an appropriate court order regarding same;

- Representing to the insured that its representative was preparing an estimate of the cost of repairing damaged property;

- Forcing its insured to expand resources and time in proceeding with an appraisal which did not result in the computation of damages at actual cash value; and,

- Delaying the appraisal by selecting an appraiser who was absent from Wisconsin for a significant period of time.

24. As a proximate result of defendant's breach of the contract of insurance and noncompliance with Wisconsin laws governing insurance contracts, the plaintiff has suffered and will continue to suffer damages and pecuniary losses including, but not limited to, those set forth in the ad damnum clause herein, as well as consequential damages.

## Second Claim for Relief – Promissory Estoppel

25. Plaintiff realleges and incorporates herein by reference, as if set forth fully, paragraphs 1-24 of the Complaint.

6

26. Defendant, through its agents, employees and representatives, promised the plaintiff that in exchange for receipt of premiums the defendant would provide coverages, including property damage coverage, on an actual cash value basis, up to $800,000.00, knowing that said promise would reasonably be relied upon by the plaintiff.

27. That the building coverage limit of $800,000.00 was a figure calculated by the defendant through its agents, employees, and representatives, to represent the actual cash value of the insured apartment building based upon data available to the defendant, including but not limited to, data summarized in the policy, the application, and the taxable assessed value of the real estate.

28. That the plaintiff reasonably relied upon defendant's promise to plaintiff's economic detriment.

29. That defendant has failed to perform said promise as evidence by defendant's fair market real estate evaluation and consequent payment in the amount of $88,000.00, as opposed to calculation of actual cash value based upon the policy terms and applicable Wisconsin law.

30. That defendant is equitably estopped from taking any alternate position or otherwise denying responsibility to the plaintiff for the substantial loss sustained and should be estopped from disregarding the actual cash value limit of coverage declared in the policy declarations upon which the insurance premium was based.

<u>Third Claim for Relief – Bad Faith</u>

31. Plaintiff realleges and incorporates herein by reference, as if set forth fully, paragraphs 1-30 of the Complaint.

7

32.    By virtue of its contract of insurance with the plaintiff and applicable Wisconsin law, certain express and implied duties and obligations are owed by defendant to its insured including, but not limited to: a duty of good faith and fair dealing; a duty to act in the insured's best interests; a duty to promptly acknowledge communications with respect to the claim; a duty to promptly and properly perform claim investigation services; a duty to attempt in good faith to effectuate a fair and equitable settlement of the claim; a duty to provide prompt and reasonable explanation of the basis in the policy and applicable law for any delay and/or denial of benefits; a duty to refrain from requiring its insured to institute suit to recover amounts due and owing under the policy; a duty to properly and accurately represent the terms and conditions of the policy; a duty to adjust property losses by methods and procedures consistent with the policy's terms, conditions, and applicable law; a duty to issue policy proceeds by draft payable to the insured as opposed to proclaiming to others who might or could have equitable interests; a duty to negotiate in good faith as opposed to proclaiming a method of loss valuation, not described in the policy, and forcing its insured to appraisal without engaging in good faith settlement negotiations; and, the like.

33.    Defendant, through the acts and omissions of its agents, employees, and representatives, has breached said duties and obligations by, among other things:

- Proclaiming a method of loss valuation inconsistent with the insurance policy and Wisconsin law;

- Submitting a real estate market appraisal to its appraiser instead of calculating the replacement cost of damaged property and reducing same for applicable depreciation, to arrive at the actual cash value of the loss;

- By deliberately misconstruing terms and conditions of the policy respecting the calculation of actual cash value damages;

8

- By forcing its insured to commence suit to obtain benefits rightly owed;

- By failing to timely issue payment to its insureds for policy proceeds;

- By including on payment drafts entities other than the named insured which have no defined equitable interest in the policy pursuant to court order declaring same;

- By refusing to obtain and prepare an estimate of property damage which calculates separately the actual cash value of each item of damage;

- By delaying and/or refusing payment of contractual benefits, including building coverage, loss rental income, and the proceeds of the balance of the appraisal award;

- By low-balling the insured;

- By infecting the appraisal process through submission of a real estate market appraisal as opposed to requesting computation of the actual cash value of the damage, resulting in manifest injustice and prejudice to the insured;

- By various and sundry other methods to be determined following further discovery.

34.    That despite the reasonable efforts, cooperation and compliance of its insured, defendant has intentionally, wantonly, willfully, or with reckless disregard for the rights of the policy holder, adjusted and denied full payment of this claim in an objectively unreasonable manner and without a reasonable or fairly debatable basis for doing so, thus constituting bad faith.

35.    As a direct and proximate result of the afore-stated conduct, plaintiff is entitled to recovery of all economic loss resulting from said conduct, and punitive damages as further described in the ad damnum clause of this Complaint.

9

## Fourth Claim for Relief – Statutory Section 628.46 Prejudgment Interest

36.    Plaintiff realleges and incorporates herein by reference, as if set forth fully, paragraphs 1-35 of the Complaint.

37.    Wis. Stat. § 628.46, requires timely payment of insurance claims.

38.    Plaintiff, through its agents and representatives, submitted a proof of loss dated April 25, 2013, indicating that said claim was presented in writing; that liability for said claim was not disputed; and for payment of a sum certain in damages as calculated and recorded therein.

39.    Pursuant to operation of the above referenced statute, payment of said claim was due within 30 days of the demand. Defendant has failed to make payment of the actual cash value as demanded therein, and is therefore in violation of the statute concerning timely payment of insurance claims, which is read into all policies of insurance as a matter of law.

## Fifth Claim for Relief – Declaratory Judgment

40.    Plaintiff realleges and incorporates herein by reference, as if set forth fully, paragraphs 1-39 of the Complaint.

41.    Plaintiff and defendant are parties in interest to the policy at issue.

42.    Defendant demanded appraisal, and plaintiff agreed to proceed with same "under protest".

43.    Plaintiff seeks to have this Court, pursuant to Wis. Stat. § 806.04, enter judgment: setting aside the appraisal award on the basis that it evinces a material mistake or a lack of understanding or completion of the contractually assigned task, and is therefore void.

44.    The appraisal award fails to compute actual cash value by determining replacement cost value less depreciation.

10

WHEREFORE, plaintiff demands judgment against the defendant as follows:

a)  For judgment in the amount of the actual cash value of damages sustained to the insured building;

b)  For judgment in the amount of the loss of business income sustained as a result of the fire and loss of business personal property;

c)  For extra-contractual damages in the amount of the plaintiff's actual reasonable attorney's fees, costs, and disbursements;

d)  For punitive damages;

e)  For prejudgment interest pursuant to Wis. Stat. § 628.46;

f)  For declaratory judgment setting aside the appraisal award as void;

g)  For equitable relief estopping the defendant from denying payment of the actual cost value limits of the insurance policy;

h)  For all economic loss proximately resulting from the defendant's bad faith;

i)  For all other statutory damages, taxable costs, and other relief, which the Court deems just and equitable.

PLAINTIFF HEREBY DEMANDS TRIAL BY A JURY OF TWELVE

Dated this 29th day of January, 2015.

                    GABERT, WILLIAMS, KONZ & LAWRYNK, LLP
                    Attorneys for Hemad Enterprises, Inc.

By:  _____
     Michael P. Konz
     State Bar No. 1000553

2711 N. Mason Street, Ste. B
Appleton, WI 54914
(920) 733-5521
P02:arp

11

# DECLARATION OF APPRAISERS

**Areas subject to appraisal**

Building, Business Personal Property, and Business Interruption/Extra Expenses

State of _WISCONSIN_ )
                         ) SS.  APPRAISAL OF DANTZLER, JEMARRO vs.
County of _RACINE_ )         JEMARRO ENTERPRISES, INC. vs. AMERICAN
                              SPECIALTY INSURANCE INSURANCE COMPANY

We, the undersigned, do solemnly swear that we will act with strict impartiality in making an appraisement of the Replacement Cost Loss and Actual Cash Value Loss upon the property hereinbefore mentioned, in accordance with the foregoing appointment, and that we will make a true, just and conscientious award of the same, according to the best of our knowledge, skill and judgment. We are not related to the insured, either as creditors or otherwise, and are not interested in said property or the insurance thereon.

Witness our hands this _____ day of _____, A.D. 20__

_STEVE_ _Steve C. Schwandt_ (signature)
                                      ) APPRAISERS
_STEVE_ _Steve M. Foy_ (signature)

Subscribed and sworn to before me this _____ day of _____, A.D. 20__

                                      _____
                                              Notary Public

## SELECTION OF UMPIRE

We, the undersigned, hereby select and appoint _LAWRENCE P. MOOS_
to act as umpire to settle matters of difference that shall exist between us, if any, by reason of and in compliance with the foregoing memorandum and appointment.

Witness our hands this _____ day of _____, A.D. 20__

_LARRY_ _Steve C. Schwandt_ (signature)
_Steve M. Foy_ (signature)

## QUALIFICATION OF UMPIRE

I, the undersigned, pursuant to the within appointment, DO HEREBY CERTIFY that we have truly and conscientiously performed the duties assigned to us, agreeable to the foregoing stipulations, and have appraised and determined and do hereby award as the replacement cost loss and actual cash value loss of said property on the _____ day of _____, 20__ and the amount of loss thereto by _____ on that day, the following sums, to wit:

Subscribed and sworn to before me this _6th_ day of _June_, 20 _2014_

_L. Mowers_ (signature)
                                              Notary Public

## AWARD

We, the undersigned, pursuant to the within appointment, DO HEREBY CERTIFY that we have truly and conscientiously performed the duties assigned to us, agreeable to the foregoing stipulations, and have appraised and determined and do hereby award as the replacement cost loss and actual cash value loss of said property on the _____ day of _____, 20__ and the amount of loss thereto by _____

State of _____ )
                              ) SS.
County of _____ )

**REPLACEMENT COST LOSS** | **ACTUAL VALUE LOSS**

ITEM
ITEM  SEE ATTACHED APPRAISAL AWARD & SCHEDULE  APPROX TOTAL
ITEM
ITEM

TOTAL REPLACEMENT COST LOSS AND ACTUAL CASH VALUE LOSS

Witness our hands this _____ day of _____, 20__

EXHIBIT
A

# APPRAISAL AWARD

| Item No. | Description | Damages | Replacement Cost | Actual Cash Value |
|---|---|---|---|---|
| 1. | The attached schedule is a permanent part of the Award on its face | | | |
| 2. | | | | |
| 3. | Building | | | $92,000 |
| 4. | Debris Removal - Contractual | | | $33,250 |
| 5. | Debris Removal - Advisory | | | $82,500 |
| 6. | Business Personal Property | | | $4,396.18 |
| 7. | Business Income Loss | | | $3,156.00 |
| 8. | Board-Up | | | $4,541.56 |
| 9. | | | | |
| 10. | | | | |
| 11. | | | | |
| 12. | | | | |
| | **TOTALS** | | | |

We, the undersigned, certify that we have truly, conscientiously and impartially performed the duties assigned us, and have appraised and determined and do hereby award the following:

Actual Cash Value: _____

Full Replacement Cost of Property: _____

Witness our hands this _____ day of _____ .

_the agreement with all collateral_

_this agreement with the at 3 above_

Jamie M. For _____
Appraiser

_CMoore_ _____
Appraiser

_11/3/2014_
Umpire

**Dantzler**
**Award Schedule**

| | Award |
|---|---|
| **Building** | $ 94,600.00 x _____ x _____ |

**Debris Removal – (See footnotes below)**
Foot note #1

Per policy provision:
- Loss – value – $92,000
- Deductible – $1,000
Subtotal – $93,000

- 25% of the Subtotal – $23, 250
- Add'l $10,000 per policy provision – $10,000
Contractual amount per policy

| | |
|---|---|
| | $ 33,250.00 x _____ x _____ |

Foot note #2

**Business Personal Property**

| | |
|---|---|
| | $ 82,500.00 x _____ x _____ |

**Business Income Loss**
Agreed to by the Appraisers

| | |
|---|---|
| | $ 4,396.18 x _____ x _____ |

**Board Up**
Per invoice from Arrow Board-up

| | |
|---|---|
| | $ 3,155.00 x _____ x _____ |

Agreed to by the Appraisers

| | |
|---|---|
| | $ 4,541.56 x _____ x _____ |

**Footnotes – Debris removal**

1) The $33,250 Award has been calculated by policy definition - this in the Panel's opinion of contractural responsibility.

2) The Appraisers have agreed on a figure of $82,500

which is the expected actual cost should the building be torn down - this Award is advisory only.

3) There is evidence that the debris removal cost may be borne by others - possibly the City of Racine. If the city does bear this cost, the insured has not incurred a loss and this does not meet the test of "your expense" in the Debris Removal policy section.

4) Was a deductible applied previously? The Endurance offer letter is not clear - the Panel has not applied a deductible.

L.P. Mours – Umpire

STATE OF WISCONSIN          CIRCUIT COURT          MILWAUKEE COUNTY

HEMAD ENTERPRISES, INC.
7911 W. Beechwood Avenue
Milwaukee, WI 53223

          Plaintiff,

v.                                              Case No. 15 CV 840
                                                Case Codes: 30106, 30303, 30701
ENDURANCE AMERICAN
SPECIALTY INSURANCE COMPANY
c/o Senior Vice President – Claims, Registered Agent
Endurance U.S. Insurance
750 Third Avenue, 18th Floor
New York, NY 10017
c/o CT Corporation System, Registered Agent
8020 Excelsior Drive, Ste. 200
Madison, WI 53717

          Defendant.

PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION,
WRITTEN INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS
TO DEFENDANT

TO:     Endurance American Specialty Insurance Company
        c/o Senior Vice President – Claims, Registered Agent
        Endurance U.S. Insurance
        750 Third Avenue, 18th Floor
        New York, NY 10017
        c/o CT Corporation System, Registered Agent
        8020 Excelsior Drive, Ste. 200
        Madison, WI 53717

REQUESTS FOR ADMISSION

NOW COMES the plaintiff, Hemad Enterprises, Inc., by Gabert, Williams, Konz &

Lawrynk, LLP, its attorneys, and pursuant to Section 804.11 Wis. Stats., requests that all parties

1

to the above-entitled action admit or refuse to admit, in writing and within forty-five (45) days

from service of this request upon you, the truth of the following matters:

REQUEST NO. 1:    That the plaintiff had in full force and effect a policy of insurance issued by the defendant which provided coverage for the loss at issue herein.

REQUEST NO. 2:    That a covered loss occurred as described in paragraph 7 of the Complaint.

REQUEST NO. 3:    That Endurance's policy provided actual cash value coverage for the insured building.

REQUEST NO. 4:    That Endurance's policy provided replacement cost coverage for business personal contents.

REQUEST NO. 5:    That the plaintiff provided prompt notification of the loss to the defendant.

REQUEST NO. 6:    That the plaintiff through its agents and representatives has complied with all conditions of the policy with respect to the building and loss of rents claim.

REQUEST NO. 7:    That the plaintiff through its agents and representatives has not materially misrepresented any aspect of its claim.

REQUEST NO. 8:    That Endurance American Specialty Insurance Company does substantial, not isolated, business in Milwaukee County, Wisconsin.

REQUEST NO. 9:    That Hemad Enterprises, Inc., was the land contract owner of the building at issue at the time of loss.

REQUEST NO. 10:    That Hemad Enterprises, Inc., and its agents and representatives, had nothing to do with the cause of the fire loss, at issue.

REQUEST NO. 11:    At the time of the land contract purchase of the building at issue, the City of Racine had assessed the taxable value of the insured building in the amount of $631,700.00.

REQUEST NO. 12:    That the insured premises was damaged by a fire which occurred without fault or design of the insured.

REQUEST NO. 13:    That the defendant retained, as its adjuster, Allmark Services, Inc., whose property specialist was Chad Frost.

2

REQUEST NO. 14: That the plaintiff, through its agents and representatives, presented defendant with an itemized repair estimate which calculated the replacement cost value for repairs of fire damaged property at $983,969.11.

REQUEST NO. 15: That after adjustment for depreciation, the actual cash value of repairs for the insured building as set forth in the estimate presented by and through the plaintiff, totaled $678,648.95.

REQUEST NO. 16: That the plaintiff, through its agents and representatives, submitted a proof of loss to the defendant dated April 25, 2013.

REQUEST NO. 17: That said proof of loss provided written notice to the defendant of liability for the loss, and a sum certain of damages.

REQUEST NO. 18: That the defendant's adjuster, Allmark Services, Inc., represented to the plaintiff through plaintiff's agents and representatives, that it was also compiling an estimate of the cost of repairs.

REQUEST NO. 19: That the plaintiff, through its agents and representatives, has cooperated with the defendant in all respects concerning the claim at issue.

REQUEST NO. 20: That in the adjustment of the claim the defendant, through its agents and representatives, calculated the actual cash value of the damaged real property through use of a market value appraisal.

REQUEST NO. 21: That the defendant, during the adjustment of the loss, refused to calculate the actual cash value of the damaged real property by calculating the replacement cost of the damage and subtracting depreciation.

REQUEST NO. 22: That the plaintiff, through its agents and representatives, proceeded with defendant's demand for appraisal "under protest".

REQUEST NO. 23: That the defendant refused to re-issue the initial payment of the loss via a draft payable only to the named insured.

REQUEST NO. 24: That the defendant, through its agents and representatives, received the appraisal award on or about November 16, 2014.

REQUEST NO. 25: That following receipt of the appraisal award, defendant failed to tender a draft in payment of the outstanding balance of the award until February 2, 2015.

REQUEST NO. 26: That pursuant to the decision in Coppins v. Allstate Indemnity Company, Appeal Number 2013 AP 2739, dated November 12, 2014, the defendant breached its contract of insurance with the plaintiff by its method of using a real estate market appraisal to adjust the actual cash value of the damaged real property.

Case 2:15-cv-00233-JPS   Filed 03/02/15   Page 20 of 25   Document 1-1

REQUEST NO. 27: That the appraisal award failed to state separately the actual cash value of the loss.

REQUEST NO. 28: That the appraisal award failed to calculate the actual cash value of the loss by determining the replacement cost value of the damaged property less depreciation.

REQUEST NO. 29: That the defendant, through its agents and representatives, instructed its appraiser to estimate the actual cash value of the loss through means of a real estate market appraisal.

REQUEST NO. 30: That the defendant's issuance of the initial draft in payment of the claim was made payable to multiple entities which were not named insureds or additional insureds pursuant to the policy of insurance.

REQUEST NO. 31: That the appraisal process was delayed by defendant's selection of an appraiser who was absent from Wisconsin during the winter months.

REQUEST NO. 32: Through issuance of the insurance policy, the defendant represented that there was actual cash value coverage for the insured building up to $800,000.00.

REQUEST NO. 33: That the defendant knew that its representation of actual cash value coverage would reasonably be relied upon by the plaintiff-insured.

REQUEST NO. 34: That the policy of insurance did not provide that determination of actual cash value of damaged property would be made on the basis of a real estate market appraisal.

REQUEST NO. 35: That the named insured on the policy at issue was changed from Jermarro Dantzler to Hemad Enterprises, Inc.

REQUEST NO. 36: That the defendant failed to negotiate a settlement of the claim, in good faith, with the plaintiff.

REQUEST NO. 37: That the defendant demanded appraisal in the event the insured did not find its adjustment of the loss acceptable.

REQUEST NO. 38: That the defendant has forced its insured to commence suit to obtain benefits rightly owed.

REQUEST NO. 39: That the plaintiff's economic interest in the insured property is, at a minimum, represented by the land contract purchase price, improvements undertaken to the property, and the value of the property's future income stream.

REQUEST NO. 40: That the plaintiff has acted, within reason, to mitigate losses caused by the fire at issue.

Case 2:15-cv-00233-JPS   Filed 03/02/15   Page 21 of 25   Document 1-1

**REQUEST NO. 41:** That the defendant has violated Wis. Stat. § 628.46 in regard to its payment of this claim.

**REQUEST NO. 42:** That defendant's failure to appropriately adjust this loss has resulted in continuing loss of rents to the insured.

## WRITTEN INTERROGATORIES

NOW COMES the plaintiff, Hemad Enterprises, Inc., by Gabert, Williams, Konz & Lawrynk, LLP, its attorneys, and hereby requests that you answer the following interrogatories and document demands in writing and under oath, and requires you to produce the following documents at the offices of Gabert, Williams, Konz & Lawrynk, LLP, 2711 N. Mason Street, Suite B, Appleton, WI 54914, within (45) days of the time service is made upon you herewith, all pursuant to Sections 804.08 and 804.09, and 804.11 Wis. Stats.

## INSTRUCTIONS

1. Answer each Interrogatory separately and fully in writing under oath, unless it is objected to, in which event the reasons for objection must be stated in lieu of an answer.

2. An evasive or incomplete answer is deemed to be a failure to answer under Rule 804.12.

3. You are under a continuing duty to seasonably supplement your responses with respect to any questions directly addressed to the identity and location of persons having knowledge of discoverable matters, the identity of each person expected to be called as an expert witness at trial and the subject matter on which he/she is expected to testify. Furthermore, you are under a similar duty to correct an incorrect response when you later learn that it is incorrect, all pursuant to Sec. 804.01(5), Wis. Stats..

**INTERROGATORY NO. 1:** State the name, title, employer, and address of employment of each and every person providing answers or information responsive to the discovery requests, interrogatories and document demands herein.

**INTERROGATORY NO. 2:** If your response to any of the foregoing Requests for Admission is anything other than an unqualified admission, then state for each such answer:

a) What you contend the true facts to be;

b) All facts, data, or documents upon which you rely in support of your response;

c) The name, address, telephone number, and employer of each and every witness upon whom you rely in support of said response;

d) What you have done in order to ascertain the truth of the matter asserted.

INTERROGATORY NO. 3: For each denial alleged in your answer to the plaintiff's Complaint, set forth the following:

a) All information upon which you base said denial;

b) All documents upon which you base said denial and attach copies of same to your answers hereto;

c) Every effort undertaken to ascertain the truth of the matter alleged;

d) The name, address, telephone number, and employer of each and every witness upon whom you rely in support of said denial.

INTERROGATORY NO. 4: For each denial of any allegation of the Complaint which is based upon a lack of sufficient information, set forth:

a) All information upon which you base said denial;

b) All documents upon which you base said denial and attach copies of same to your answers hereto;

c) Every effort undertaken to ascertain the truth of the matter alleged;

d) The name, address, telephone number, and employer of each and every witness upon whom you rely in support of said denial.

INTERROGATORY NO. 5: Do you contend the plaintiff has violated any duty or obligation owed by it pursuant to the applicable policy of insurance? If so, then set forth with specificity each and every duty or obligation violated; the basis for said contention; and identify the page, section, and clause of the policy upon which you rely in support of your contention.

INTERROGATORY NO. 6: If you have taken any statements of any nature of any insured or individual with knowledge of the loss at issue herein, then identify the present custodian; the identity of the individual who took said statement; the date it was taken, and the name and address of each such witness from whom any form of statement was taken.

INTERROGATORY NO. 7: Has the defendant through its agents and representatives prepared an estimate of the replacement cost value and/or actual cash value of the damaged property at issue at any time? If so, provide the date of all such estimates, the author, and attach a copy of same to your answers hereto pursuant to Wis. Stat. § 804.09.

6

6

Case 2:15-cv-00233-JPS   Filed 03/02/15   Page 23 of 25   Document 1-1

These Interrogatories are deemed to be continuing and should you or your counsel obtain

any information relative to the matters inquired into herein, you are requested and directed to

give timely notice of such facts and to furnish the additional information to counsel herein.

## REQUEST FOR PRODUCTION OF DOCUMENTS

REQUEST NO. 1:    Copies of any and all photographs, electronic images, or any other
type of visual information taken or generated by any individual hired or retained by the
defendant in conjunction with the claim at issue.

REQUEST NO. 2:    Copies of any statements, whether written, verbal, or recorded, of
the insured or any individual concerning the claim at issue herein.

REQUEST NO. 3:    Copies of any documents upon which defendant bases any denial
and/or affirmative defense in its answer to the Complaint.

REQUEST NO. 4:    Copies of any documents reviewed, referred to, or replied upon in
responding to the above discovery requests.

REQUEST NO. 5:    Copies of any recorded communications, telephone calls, or
evidence of any contact with the insured, at any time, with respect to the claim at issue herein.

REQUEST NO. 6:    A complete copy of Endurance's underwriting file including but
not limited to applications, building evaluations, forms, methods, or processes used to undertake
the building evaluation, correspondence, and the like.

REQUEST NO. 7:    A complete copy of the file of the defendant's agent or broker
involved in issuance of the policy of insurance herein.

REQUEST NO. 8:    Copies of any and all estimated cost of repairs for the fire damaged
property at issue, whether complete or incomplete, at any time.

REQUEST NO. 9:    Copies of any and all documents, whether written or electronic,
showing a change in the identity of the named insured from Jermarro Dantzler, to Hemad
Enterprises, Inc.

REQUEST NO. 10:    A copy of any and all correspondence or communications, whether
written or electronic, with Pitts Brothers & Associates, LLC concerning the real estate appraisal
in question.

REQUEST NO. 11:    A copy of any and all correspondence and/or communications,
whether written or electronic, with Peters & Associates with respect to the report regarding loss
of rental income claim at issue.

7

REQUEST NO. 12: A copy of any estimates, inventories, and the like generated by the defendant or received from the plaintiff with respect to any claim for business personal property stemming from the loss at issue.

REQUEST NO.13: Copies of all engineering reports, correspondence, communications or recommendations received from any contractor retained to investigate, evaluate, or provide recommendations concerning the structural integrity of insured premises.

REQUEST NO. 14: Color duplicate photographs taken by any employee or contractor retained to inspect the insured dwelling.

REQUEST NO. 15: All correspondence of any sort, whether written or electronic, sent to the insured and/or the insured's agents, since the date of loss.

REQUEST NO. 16: Copies of any inspection notes, forms, comments, and the like obtained by or created by Endurance and/or any agent or broker of Endurance, at or prior to issuance of the policy of insurance at issue.

REQUEST NO. 17: Endurance's complete claim file, both written and electronic.

REQUEST NO. 18: Endurance's claims manual, whether written or electronic, for handling first party claims, in effect on the date of loss.

Dated this 10th day of February, 2015.

GABERT, WILLIAMS, KONZ & LAWRYNK, LLP
Attorneys for Hemad Enterprises, Inc.

By: _____
    Michael P. Konz
    State Bar No. 1000553

2711 N. Mason Street, Ste. B
Appleton, WI 54914
(920) 733-5521
P03:arp

8