UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| HEMAD ENTERPRISES, INC.,<br><br>        Plaintiff,<br>v.<br><br>ENDURANCE AMERICAN SPECIALTY<br>INSURANCE COMPANY,<br><br>        Defendant. | Case No. 15-CV-233-JPS<br><br><br><br>ORDER |

    The plaintiff filed a complaint in Milwaukee County Circuit Court on January 30, 2015, alleging various causes of action against the defendant arising out of an insurance contract.[1] (Docket #1-1). On March 2, 2015, the defendant removed this matter to federal court, pursuant to 28 U.S.C. §§ 1441 and 1446, on the basis of diversity jurisdiction, *see* 28 U.S.C. § 1332. (*See* Docket #1).

    Before the Court is the defendant's motion to dismiss this matter for failure to join a required party, pursuant to Federal Rule of Civil Procedure 12(b)(7) and 19, or, in the alternative, to remand this matter to state court, pursuant to 28 U.S.C. § 1447. (*See* Docket #13). On May 22, 2015, the defendant's motion was fully briefed. (*See* Docket #18, #21). The Court will deny the defendant's motion, for the reasons outlined below.

1.  FACTS

    In November 2012, the plaintiff, Hemad Enterprises, Inc. ("Hemad"), entered into an installment contract for deed (the "Installment Contract") with AMSAH, LLC ("AMSAH")[2] for a 20-unit apartment building

---

    [1] Those causes of action are: "breach of contract, promissory estoppel, bad faith, pre-judgment interest and declaratory relief." (Docket #1 at 2).

    [2] AMSAH has two members: Samini Ali and Zahid Hassan. (Docket #13 at 2).

(hereinafter "the Property") in Racine, Wisconsin (*see* Docket #13, Ex. A). (*See* Docket #13 at 2); (Docket #18 at 3). A provision of the Installment Contract required Hemad to insure the Property against loss by, *inter alia*, fire, and the property was to be insured in the seller's (AMSAH's) name. (Docket #13, Ex. A at ¶ 16) ("Purchasers shall keep all buildings at any time on the Property insured in Seller's name at Purchaser's expense against loss by fire…in an amount at least equal to the sum remaining unpaid hereunder.").

In early January 2013, Hemad obtained property insurance from the defendant, Endurance American Speciality Insurance Company ("Endurance"), but, contrary to the terms of its Installment Contract with AMSAH, Hemad did not insure the Property in AMSAH's name. (Docket #13 at 2-3). Instead, Hemad is the named insured on the policy. *Id.* at 3; (Docket #18 at 3).[3]

Before the month of January came to a close (and just twenty days after Hemad obtained insurance on the Property), the Property was badly damaged in a fire, which left it uninhabitable; the fire, according to the parties, was set intentionally. (Docket #13 at 3); (Docket #1, Ex. 1 at ¶ 7). Thereafter, Hemad notified Endurance of the loss and submitted a proof of loss. (Docket #1, Ex. 1 at ¶¶ 8-11); (Docket #13 at 3).

During Endurance's investigation of the claim, it learned of AMSAH's status as the seller under the Installment Contract. *Id.* (citing Docket #13, Ex. C at ¶¶ 6-7). On October 18, 2013, Endurance sent a letter to Hemad accepting the claim; however, in that same letter "Endurance advised Hemad that the policy prevented payments to [the] policyholder for not more than

---

[3]This is not precisely true, given that the insurance policy lists the insured as "Jemarro Dantzler D/B/A Jermarro Dantzler." (Docket #13, Ex. B at 2). However, Dantzler is the president of Hemad according to the Installment Contract. (*See* Docket #13, Ex. A at 11).

their 'financial interest' and that by operation of law AMSAH had an interest in any remaining proceeds of the [insurance] [p]olicy." In support of this statement, Endurance cited Wis. Stat. § 631.07(4), which governs insurance policies and permits "a court with appropriate jurisdiction" to order the payment of proceeds "to someone other than the person to whom the policy is designated to be payable, who is equitably entitled thereto." (Docket #13 at 3).

On October 21, 2013, Endurance issued a check for $128,802.18 payable to Hemad, AMSAH, Samini Ali, Zahid Hassan, as well as Hemad's public adjuster and counsel of record. (*See* Docket #1, Ex. 1 at ¶ 16); (Docket #13, Ex.3 at ¶ 8) (a copy of the check). Hemad asked Endurance to reissue the check and make it payable to just Hemad and its counsel; Endurance declined to do so without a release from AMSAH. (Docket #13 at 4); (Docket #1, Ex. 1 at ¶ 17). Endurance and Hemad also disagreed about the amount of proceeds that were payable to Hemad as a result of the fire. *Id.*

As noted above, Hemad filed suit in state court alleging various contractual causes of action, and Endurance removed the case to this Court. Endurance now requests that this case be sent back to state court due to Hemad's failure to join a required party, pursuant to Rule 12(b)(7) and Rule 19. That required party, according to Endurance, is AMSAH.

2. DISCUSSION

   2.1 Rule 19

The goal of Rule 19 is to "permit joinder of all materially interested parties to a single lawsuit so as to protect interested parties and avoid waste of judicial resources." *Moore v. Ashland Oil, Inc.*, 901 F.2d 1445, 1447 (7th Cir. 1990). A court's application of Rule 19 "entails a pragmatic approach, focusing on realistic analysis of the facts of each case." *Bio-Analytical Servs.,*

*Inc. v. Edgewater Hosp., Inc.*, 565 F.2d 450, 452 (7th Cir. 1977); *Provident Tradesmen Bank & Trust Co. v. Patterson*, 290 U.S. 102, 118 (1968).

"Rule 19(a) addresses 'persons required to be joined if feasible,' and Rule 19(b) describes what the court must do if joinder is not feasible." *Askew v. Sheriff of Cook Cty., Ill.*, 568 F.3d 632, 635 (7th Cir. 2009). Accordingly, the Court must first determine "that a party meets the criteria of Rule 19(a)(1)(A) and (B)"; then, if the party cannot be joined because joinder would destroy complete diversity, the Court turns to Rule 19(b) to "decide what to do about the problem." *Id.*

Rule 19(a)(1) states that a party is necessary if:

(A) in that person's absence, the court cannot accord complete relief among existing parties; or

(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

> (i) as a practical matter impair or impede the person's ability to protect the interest; or

> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

"Under the 'necessary party' analysis of Rule 19(a), the relative rights of the parties are considered under state law." *Sta-Rite Indus., Inc. v. Allstate Ins. Co.*, 96 F.3d 281, 284-85 (7th Cir. 1996) (citing *Krueger v. Cartwright*, 996 F.2d 928, 931 (7th Cir. 1993)).

Endurance argues—at least initially– that AMSAH is a necessary party to this action because, pursuant to Rule 19(a)(1)(B), AMSAH "claims an interest" in the instant action, and disposing this action without AMSAH would leave Endurance "subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations" because of AMSAH's

interest. (Docket #13 at 5). AMSAH claims an interest, according to Endurance, "given Hemad's promise to obtain insurance in AMSAH's name and Endurance's promise to pay mortgagees as their interest may appear"; thus, Endurance argues, AMSAH—as the legal title holder of the Property—is an "appointee" with a beneficial interest in the insurance policy's provisions. *Id.* at 6 (citing *Cary Mfg. Co. v. Acme Brass & Metal Works*, 254 N.W. 513, 514-15, 215 Wis. 585, 590 (Wis. 1934)).

In addition, Endurance argues that Hemad and AMSAH's interests are not aligned because of the dispute over who has the right to the policy proceeds. (Docket #13 at 7); (*see id.* at 6) ("Hemad disputes AMSAH's right to the disposition of any proceeds under the Policy."). Thus, because both AMSAH and Hemad are "claimants to a fund," both must be joined to the instant action to "'determine disposition of that fund.'" *Id.* (quoting *In re Torcise*, 116 F.3d 860, 865 (11th Cir. 1997)).

Hemad argues, conversely, that AMSAH is not a required party. This is so, according to Hemad, because: (1) AMSAH is not a party to the insurance contract at issue; (2) AMSAH is adequately protected and has stated, via an affidavit of its counsel (*see* Docket #19), that its "interests in all matters at issue in this lawsuit are aligned with Hemad"; and (3) Endurance failed to implead AMSAH or request a court to pay some or all of the proceeds to AMSAH instead of Hemad. (Docket #18 at 3-4).

Despite AMSAH stating via affidavit that it has no interest in joining the instant matter, Endurance continues to argue that AMSAH is a required party in its reply brief. (*See* Docket #21). As Endurance sees it, "AMSAH's status as a required party under Rule 19(a) does not depend on whether AMSAH wants to participate in this action." *Id.* at 3. Instead, "it depends on whether AMSAH claims an interest relating to the subject of this action (proceeds from the Endurance policy), which AMSAH clearly does." *Id.*

The Court agrees with Hemad that AMSAH is not a required party. Much of Endurance's argument in favor of dismissal for failure to join AMSAH falls by the wayside as a result of AMSAH's affidavit stating that it is aligned with Hemad and its interests are adequately protected. But, even were this not the case, AMSAH is not a party to the insurance contract at issue. Because Endurance and Hemad are the parties to the instant action, and the only parties to the insurance policy, it is clear that the Court can accord adequate relief to all interested parties.

The gravamen of Endurance's argument that AMSAH has an interest in the instant action is also faulty. Endurance argues that *Cary* holds that if an insurance policy requires payment to mortgagees "as their interests may appear," as the instant contract does, then mortgagees such as AMSAH have an interest in the proceeds of the insurance policy. But *Cary*—a case from 1934 it is worth noting—says no such thing. *Cary* involved an insurance contract *that named* the mortgagees. *See Cary*, 254 N.W. at 513 (quoting a clause from the insurance contract that names multiple payees, including the mortgagees). Thus, it made sense that the Court would construe the contract, which included a provision for payment "as their interests may appear," to require payment to the mortgagee as its interests appeared *in the contract itself*.

Here, however, AMSAH is nowhere mentioned in the insurance contract. (*See* Docket #13, Ex. B). Endurance seems to argue that the "as their interests may appear" language permits investigation into and payment to mortgagees, even if they *do not appear* in the insurance contract itself. This too is not so. And, this reading begs the question: where must those interests appear to come within the ambit of the contract? Of course, the answer is the insurance contract itself, but Endurance's reading would permit those interests to be defined in separate contracts of which Endurance is not a

Page 6 of 9

Case 2:15-cv-00233-JPS   Filed 07/01/15   Page 6 of 9   Document 22

party. This would violate multiple rules of contract interpretation, not the least of which is the four corners rule, which is applicable in Wisconsin. *See In re Excalibur Auto. Corp.*, 859 F.2d 454, 458 & n.6 (7th Cir. 1988) (citing *Marshall & Ilsley Bank v. Milwaukee Gear Co.*, 62 Wis.2d 768, 776, 216 N.W.2d 1, 5 (1974)).

It makes no difference to the foregoing analysis that Hemad was required to obtain insurance in AMSAH's name. Makes no difference, that is, because Hemad's failure to do so is recoverable in a separate action between AMSAH and Hemad. Endurance attempts to appropriate Hemad's promise, and other failings of Hemad during the events at issue, as evidence that Hemad is unlikely to fulfill its contractual obligations, thus leaving Endurance subject to multiple or inconsistent obligations. Whatever truth there may be to these allegations, they do not, by themselves, even remotely compel the Court to find AMSAH a required party *in this action.* Again, those are matters to be resolved between AMSAH and Hemad.

In the end, what is crystalline is that the proceeds of the insurance policy can be distributed according to the terms of the policy, without the presence of AMSAH, a non-party to that document. And AMSAH's affidavit could not be clearer in its affirmation that this is the case, stating "AMSAH will not be prejudiced in any fashion by not being added as party to this litigation as its interests are in the proceeds and damages awarded by this Court in this action and are already determined by the terms of the Installment Land Contract entered into between AMSAH and Hemad." (Docket #19 at ¶ 11).

The Court also notes that Endurance's assertion that "AMSAH ha[s] an interest in any remaining proceeds of the Policy" pursuant to Wis. Stat. § 631.07(4) (*see* Docket #13 at 3) is a red herring. That statute, as noted above, permits "proceeds to be paid to someone other than the person to whom the

policy is designated to be payable, who is equitably entitled thereto." Wis. Stat. § 631.07(4). True enough, but Endurance brushes over the introductory words to that clause—namely, that "a court with appropriate jurisdiction may order" payment of the proceeds to someone else. *Id.* As Hemad's counsel notes in a letter to Endurance, there is no evidence that Endurance has petitioned a court for distribution of the proceeds to anyone other than Hemad (*see* Docket #20, Ex. C) and, thus, whatever interest AMSAH may have pursuant to the statute is an inchoate one at best.

Because the Court finds that AMSAH is not a required party under Rule 19(a), it is unnecessary for the Court to delve into analyzing the factors under Rule 19(b). But even were the Court to do so, the result would be the same. Under Rule 19(b) a court is required to dismiss the case "if the court determines it cannot in 'equity and good conscience' proceed without the absent person[]," thus making that party indispensable. *Hansen v. Peoples Bank of Bloomington*, 594 F.2d 1149, 1151 (7th Cir. 1979). Here, the Court would have no such qualms, even if AMSAH were a required party—which, to be sure, it is not.

For all of the reasons noted above, the Court is obliged to deny Endurance's motion to dismiss this case for failure to join a required party (Docket #13).

> 2.2 Because the Court has Subject Matter Jurisdiction under 28 U.S.C. § 1332, the Court Declines to Remand to State Court

Endurance requested, in the alternative, that the Court remand this case to state court pursuant to 28 U.S.C. § 1447(c) or (e). Endurance's request was premised on the Court finding AMSAH a necessary and indispensable party whose joinder would deprive this Court of subject matter jurisdiction. Because the Court found otherwise, neither § 1447(c) or (e) are of any help to Endurance. This is so because § 1447(c) requires the Court to remand cases

where it lacks subject matter jurisdiction, and § 1447(e) permits remand to state court if a *plaintiff* requests additional defendants be joined to the action. As to the former, the Court has subject matter jurisdiction over this case as Endurance noted in its Notice of Removal (*see* Docket #1) and, as to the latter, it is Endurance—the defendant—who requested joinder of an additional party and thus § 1447(e) does not apply.

3.  CONCLUSION

For all of the reasons noted above, the Court will deny Endurance's motion to dismiss this matter for failure to join a required party, or, in the alternative, to remand this matter to state court. (*See* Docket #13).

Accordingly,

IT IS ORDERED that the defendant's motion to dismiss this matter for failure to join a required party, pursuant to Federal Rule of Civil Procedure 12(b)(7) and 19, or, in the alternative, to remand this matter to state court, pursuant to 28 U.S.C. § 1447 (Docket #13) be and the same is hereby DENIED.

Dated at Milwaukee, Wisconsin, this 1st day of July, 2015.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge